O

JS-6

cc: order, docket, remand letter to
San Bernardino County Superior Court No. CIV DS 1204877

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY POTEET, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>HOME DEPOT U.S.A., INC. and DOES 1–50, inclusive,<br><br>　　　　　Defendants. | Case No. 5:12-cv-01147-ODW (PLAx)<br><br>**ORDER REMANDING CASE TO SAN BERNARDINO COUNTY SUPERIOR COURT** |

　　　　The Court is in receipt of Defendant Home Depo U.S.A., Inc.'s Notice of Removal. (ECF No. 1.) Having carefully considered the papers filed in conjunction with Home Depot's Notice, the Court concludes that it lacks subject-matter jurisdiction over this case. The Court therefore R**EMANDS** this case to the San Bernardino County Superior Court.

　　　　Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The

party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Home Depot removed this action under 28 U.S.C. § 1441 and the Class Action Fairness Act ("CAFA"). CAFA eases removal requirements for class actions involving 100 or more putative class members by amending 28 U.S.C. §1332 to vest federal courts with jurisdiction where there is minimal diversity and the amount in controversy exceeds $5,000,000. *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th Cir. 2005); *see* 28 U.S.C. §1332(d)(2), (d)(6) & (d)(11)(B)(i).

Poteet's state-court complaint did not state a specific damages demand. Under traditional diversity standards, where a plaintiff does not specify a particular damages figure in the state-court complaint, the removing defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Evidence the Court may consider includes "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (internal quotation marks omitted). Since CAFA was enacted, the Ninth Circuit has applied this standard with equal force to CAFA's more-than-$5,000,000 amount-in-controversy requirement. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). As the proponent of federal jurisdiction, Home Depo therefore bore the duty to establish by facts or summary-judgment-like evidence, or both, that it is more likely than not that the amount in controversy exceeds $5,000,000 in this case. *Id*.

Poteet seeks recovery for certain California Labor Code violations under the "fallback" provision of California's Private Attorney General Act, Labor Code section 2699(f). This section provides for civil penalties of $100 for each aggrieved employee per pay period for an initial Labor Code violation and $200 for each aggrieved

employee per pay period for each subsequent violation.  Cal. Lab. Code §2699(f)(2).  Home Depot contends that the term "violation" as used in section 2699(f) is ambiguous, and that courts have not fully resolved its proper construction.  Home Depo further avers, "for the purpose of removal only, that plaintiff may argue that each pay period without a seat constitutes a 'violation' under section 2699(f)," despite the fact that "Home Depot is not aware of any court that has adopted this construction of 2699(f)."

While the Court acknowledges that at least two courts[1] have accepted this construction for purposes of establishing the amount in controversy for removal purposes, this Court finds Home Depot's contentions insufficient to meet its stringent burden to establish removal jurisdiction in the face of strict interpretation of removal statutes against removal.  Home Depot builds its entire basis for removal by speculating that Poteet may attempt to advance an unsettled legal theory and presents facts premised solely on this conjecture.  But this Court cannot base its jurisdiction on speculation and conjecture.  *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1002 (9th Cir. 2007).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] *Schiller v. David's Bridal, Inc.*, No. 1:10-cv-00616 AWI SKO, 2010 WL 2793650, at *7 (E.D.Cal. July 14, 2010); *Butterworth v. Am. Eagle Outfitters, Inc.*, No. 1:11cv01203 LJO DLB, 2011 WL 4905641, at *4–5 (E.D. Cal. Oct 14, 2011).

Home Depot simply fails to establish by a preponderance of the evidence that the amount in controversy will exceed $5,000,000 in this case. The Court therefore **REMANDS** this action to San Bernardino County Superior Court. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

August 23, 2012

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**